# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

RAKIYA MOHAMED

No. 2:25-cr-00026-JAW

## AGREEMENT TO PLEAD GUILTY
## (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Andrew B. Benson, United States Attorney for the District of Maine, and Sean Green, Assistant United States Attorney, and Rakiya Mohamed (hereinafter "Defendant"), acting for herself and through her counsel, Richard Berne, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. <u>Tax Section Approval Required</u>.  This agreement is subject to approval by the Tax Section of the Department of Justice, Criminal Division in Washington D.C., and is not effective unless and until it receives such approval.

2. <u>Guilty Plea/Dismissal of Counts</u>. Defendant agrees to plead guilty to Count Two and Count Three of the Indictment herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). Count Two of the Indictment charges Defendant with subscribing a false tax return for 2018, in violation of 26 U.S.C. § 7206(1). Count Three of the Indictment charges Defendant with obstructing and impeding the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). The United States agrees that it will move to dismiss Count One of the Indictment pursuant to Rule 11(c)(1)(A) at the time of sentencing. The parties agree and

understand that if the Court should deny that motion to dismiss, the provisions of Rule 11(c)(5) will apply.

3. <u>Sentencing/Penalties.</u> Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable to the charges described above are as follows:

    A.    A maximum prison term of imprisonment of three years on each count;

    B.    A maximum fine of $250,000 on each count;

    C.    A mandatory special assessment of $100.00 for each count of conviction which Defendant agrees to pay at or before the time that she enters a guilty plea; and

    D.    A term of supervised release of not more than one year on each count. Defendant understands that her failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to one additional year in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

4. <u>Restitution.</u>

A. Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $51,001 pursuant to 18 U.S.C. § 3663(a)(3).

B. Defendant agrees that the total amount of restitution reflected in this agreement results from Defendant's fraudulent conduct.

C. The total amount of restitution consists of $23,235 in individual income tax for 2018 and $27,766 in individual income tax for 2019.

D. Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule

does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

E.  Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

F.  Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

G.  If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements

3

provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

H.      If Defendant makes a payment of the restitution agreed to above prior to sentencing, the payment will be applied as a credit against the restitution ordered.

5.      <u>Agreements Regarding Sentencing</u>. The parties agree to make the following non-binding recommendations as to sentencing:

A.      The parties agree to recommend that the Court find that the tax loss is greater than $40,000 and less than $100,000 under U.S.S.G. §§ 2T1.4(a)(1) and 2T4.1.

B.      The parties agree to recommend that the Court find that Defendant has accepted responsibility for the offense of conviction, and that the Court should reduce Defendant's Adjusted Offense Level pursuant to U.S.S.G. § 3E1.1. The Government reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing, Defendant: (a) fails to admit a complete factual basis for the plea; (b) fails to truthfully admit his conduct in the offense of conviction; (c) engages in conduct which results in an adjustment under U.S.S.G. § 3C 1.1; (d) falsely denies or frivolously contests relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3 or previous convictions that the defendant has sustained; or (e) engages in new criminal conduct. Defendant understands that she may not withdraw the guilty plea if, for any of the reasons listed above, the Government does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

The parties expressly agree and understand that should the Court reject either or both of the recommendations of the parties, Defendant will not thereby be permitted to

withdraw her plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

6.    <u>Appeal Waivers</u>. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

    A.    Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

    B.    A sentence of imprisonment that does not exceed 12 months.

Defendant's waiver of her right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

7.    <u>New Criminal Conduct</u>. Defendant agrees that she will not commit any other federal or state crime.

8.    <u>Consequences of Breach</u>. If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder, including its obligations to make any sentencing recommendations under Paragraph 5, and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

    A.    The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal

5

Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

B.     Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

9.     <u>Speedy Trial Waiver</u>. Defendant agrees to waive, and hereby does waive, any and all rights she might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 8 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

10.     <u>Forfeiture</u>. Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States.

11.     <u>Validity of Other Agreements; Signature</u>. This Agreement supersedes any prior understandings, promises, or conditions between the United States and Defendant. However, in the event that Defendant fails to enter her guilty plea or is allowed to withdraw her guilty plea entered hereunder, and the Court determines that

6

Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies her full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 1/28/26

_____
Rakiya Mohamed, Defendant

I am legal counsel for Rakiya Mohamed. I have carefully reviewed every part of this Agreement with Rakiya Mohamed. To my knowledge, Rakiya Mohamed's decision to enter into this Agreement is an informed and voluntary one.

Date: 1/28/26

_____
Richard Berne, Esquire
Attorney for Defendant

FOR THE UNITED STATES:        ANDREW B. BENSON
                              United States Attorney

Date: 1/16/26

_____
Sean M. Green
Assistant U.S. Attorney

Approved: _____
Supervisory Assistant U.S. Attorney