UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

ABDIFITAH ABDI
ASMO DOL and
RAKIYA MOHAMED

No. 2:25-cr-00026-JAW

**OPPOSITION TO BRIGHT FUTURE HEALTHIER YOU'S MOTION TO STRIKE OR CLARIFY**

Bright Future Healthier You LLC ("BFHY") has moved to strike references to it from the indictment in this case. The government opposes the motion. Although the Court has inherent authority to strike from an indictment the name of a party identified therein as an "unindicted coconspirator," that is simply not the case here. The indictment references BFHY solely to provide background and context for the alleged crimes and to provide notice to defendants. Accordingly, as explained in more detail below, BFHY's motion should be denied.

**DISCUSSION**

On February 26, 2025, a grand jury returned an indictment charging Abdifitah Abdi, Asmo Dol, and Rakiya Mohamed with various crimes. ECF No. 1. The indictment charges all three defendants with conspiracy to defraud the Internal Revenue Service ("IRS"). *Id*. It charges Mohamed with filing a false tax return and obstructing the IRS. *Id*. It charges Abdi with obstruction of the IRS. *Id*.

Although the indictment only charges the three individual defendants with crimes, the indictment names three entities and their relationship to the defendants: (1) BFHY, a company at which defendant Dol allegedly worked, (2) Reliable Language

Resources LLC ("Reliable Language"), a company allegedly owned by defendant Mohamed, alleged to be Dol's daughter; and Momo Interpreters, a business allegedly operated by defendant Abdi. *Id*. at ¶¶ 4 – 6.

The conspiracy count alleges that all three defendants filed and presented "false and fraudulent documents to the IRS to make it appear that Reliable Language Resources and Momo Interpreters had paid third parties to interpret for Bright Future Healthier Your when, in fact, as the defendants knew, no such payments were made and no such services rendered." *Id*. at ¶ 10. Thus, although the conspiracy allegedly only involved the conduct of the three individual defendants, their conduct related to representations to the IRS about services performed by two interpretation businesses (Reliable Language and Momo Interpreters) for a third business (BFHY). The identification of the companies, therefore, provides necessary context to understand the alleged conspiracy.

The indictment alleges 28 overt acts (including subparts) allegedly carried out in furtherance of the conspiracy. *Id*. at ¶¶ 11 – 16. Notably, none of the alleged overt acts was committed by BFHY. *Id*. Rather, the alleged overt acts were strictly performed by the individual defendants. *Id*. Specifically, Mohamed is accused of filing, or causing to be filed, two false tax returns that included false expenses for Reliable Language. *Id*. at ¶¶ 12-13. Abdi is accused of preparing and filing, or causing the preparation and filing, of ten false tax returns for individuals who had purportedly been paid by Reliable Language or Momo Interpreters as interpreters. *Id*. at ¶ 14. Dol and Mohamed are accused of providing seven false IRS forms to IRS auditors related to payments made by Reliable Language to supposed interpreters. *Id*. at ¶ 15. Mohamed is accused of

providing eight false IRS forms to IRS auditors related to payments made by Reliable Language to supposed interpreters. *Id.* at ¶ 16.

No entity, let alone BFHY, is identified in the indictment as an "unindicted coconspirator."

On July 23, 2025, the government, with leave of Court, dismissed the indictment as to defendant Dol because she deceased while the case was pending. ECF No. 40. Dol is the only defendant identified in the indictment as working for or being employed by BFHY. ECF No. 1 at ¶ 4.

## DISCUSSION

As BFHY correctly notes, some courts have held that a court may strike or redact references to third parties "named as 'unindicted conspirators' in an indictment." *United States v. Briggs*, 514 F.2d 794, 796 (5th Cir. 1975); *see also United States v. Anderson*, 55 F. Supp. 2d 1163, 1165 (D. Kan. 1999) (expunging the names of "three lawyers [named] as 'unindicted coconspirators' in various pretrial papers.") These cases are inapposite.

The indictment in this case does not name BFHY as an "unindicted conspirator," an "unindicted coconspirator," or any similar moniker. But the government's argument here is not merely semantic. Read properly, not only does the indictment not *charge* BFHY with any crime, but it does not *accuse* BFHY of any crime either. Absent any such accusation, no basis to strike a reference to the company exists. See *Briggs*, 514 F.2d 794 (striking the name of an "unindicted conspirator" because a grand jury should not "accuse persons of a crime while affording them no forum in which to vindicate themselves.")

In this case, references to BFHY provides necessary context and background to understand the indictment. As explained in the "Background" section above, the indictment alleges a conspiracy among three individuals. While all alleged conduct in the indictment is carried out by the individual defendants, their conduct relates to false representations to the IRS about interpreting supposedly performed by two companies, Reliable Language and Momo Interpreters, for a third company, BFHY. The indictment identifies those companies merely to show the relationship between those entities and the defendants. Namely, BFHY allegedly paid Reliable Language to interpret for BFHY clients. Dol allegedly worked for BFHY. Dol's daughter, Mohamed, allegedly owned Reliable Language. Reliable Language also allegedly paid Momo Interpreters to interpret for BFHY. None of the foregoing assertions is incriminating. But all of it provides background and context to understand the alleged conspiracy of the three named defendants—providing false information to the IRS related to expenses incurred by Reliable Language and Momo Interpreters to provide interpretation services to BFHY. That background and context, in turn, provides notice to the charged defendants. *See* Fed. R. Crim. P. 7(c).

Because the indictment does not identify BFHY as an "unindicted conspirator" or otherwise accuse BFHY of a crime, the Court should deny BFHY's motion.1

## CONCLUSION

For the foregoing reasons, the Court should deny BFHY's motion.

---

1 BFHY seeks an order to either strike or clarify what it deems as surplusage. To the extent BFHY wants clarity that the indictment does not accuse BFHY of criminal conduct, the government's response to BFHY's motion should provide that clarity and moot that request.

Dated this 6th day of February, 2026, in Portland, Maine.

            Respectfully submitted

            ANDREW B. BENSON
            United States Attorney

            _/s/Sean M. Green_
            Sean M. Green
            Assistant United States Attorney
            100 Middle Street
            Portland, Maine 04101
            Sean.Green2@usdoj.gov

CERTIFICATE OF SERVICE

 I certify that I filed this document by ECF on February 6, 2026, thereby causing service to be made on all counsel of record.

            _/s/Sean M. Green_
            Sean M. Green
            Assistant United States Attorney